UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


TERRY PERKINS                          :
                                       :              Criminal No.:3:97CR221(EBB)
                                       :              Criminal No.: 3:97CR45(EBB)
              v.                       :              Civil No. 3:13CV1428(EBB
                                       :
                                       :
UNITED STATES OF AMERICA               :


RULING ON MOTION FOR RECONSIDERATION

Petitioner, Terry Perkins ("Perkins"), moves, *pro se*,[1] for reconsideration of the Court's

January 9, 2014 ruling denying his motion to vacate, set aside or correct sentence pursuant to 28

U.S.C. § 2255.  That motion was denied as a successive petition challenging his March 2000

conviction and sentence in criminal case 3:98cr221(EBB).  Because Perkins had filed that

successive motion without first obtaining authorization from the Second Circuit, the habeas

petition was dismissed without prejudice pending receipt of such authorization.[2]  To date, the

Court has not received authorization from the Second Circuit to consider that successive petition

and without it, this Court is without subject matter jurisdiction.  E.g., White v. Nash, 67 F. App'x

---

[1]Because Perkins is proceeding *pro se*, the Court construes his claims and arguments
using less stringent standards than those applied to arguments drafted by attorneys.  Haines v.
Kerner, 404 U.S. 519, 520 (1972).

[2]Before filing a second or successive habeas motion "the applicant shall move in the
appropriate court of appeals for an order authorizing the district court to consider the
application."  28 U.S.C. § 2244(b)(3)(A); see also Magwood v. Patterson, 561 U.S. 320, 331
(2010) (noting that the district court must dismiss any claim presented in a second or successive
application unless applicant shows that AEDPA's requirements have been met).  The Second
Circuit has determined that a § 2255 petition is second or successive if a prior petition raising
claims regarding the same conviction or sentence has been decided on the merits.  Corrao v.
United States, 152 F.3d 188, 191 (2d Cir. 1998).

631, 634 (2d Cir. 2003 (noting the district court's lack of jurisdiction over a successive habeas motion that was filed without court of appeals authorization).  As the Court noted in its ruling, that successive habeas petition was the last in a series of such motions that Perkins filed to challenge his March 2000 conviction of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and his March 2000 conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[3]

In each of his prior petitions, Perkins raised arguments attacking those underlying criminal convictions and each of his motions was found to be without merit, not only in this Court, but in other district courts and in the Second and Third Circuits, as were claims he raised in Connecticut state courts.  Specifically, in case 01cv1316(EBB), the Court denied Perkins's initial § 2255 motion and declined to issue a certificate of appealibility and denied his motion for reconsideration.  The Second Circuit dismissed his appeal.  In case 06cv80(EBB), his habeas motion was transferred to the Second Circuit as a successive petition.  The Second Circuit denied his motion to remand and denied his application to file a second § 2255 motion.  In case 07cv1554(EBB), Perkins filed another habeas motion and this Court again transferred it to the Second Circuit as a third successive petition.  The Second Circuit denied his request to file a successive habeas petition.  In case 12cv956(EBB), Perkins's § 2255 petition was denied and a certificate of appealability was not issued.  His motion for reconsideration was construed as a motion under Fed. R. Civ. P. 59(c) and was denied.  The Second Circuit denied authorization for this Court to consider a successive § 2255 petition and dismissed the appeal.  In case 3:11cv870(DJS) (D. Conn.), Perkins filed a

_____

[3]On March 14, 2000, Perkins was sentenced in two separate criminal cases.  In the narcotics case, 97CR221(EBB), the Court imposed a 240-month sentence.  In the felon in possession case, 97CR45(EBB), the Court sentenced him to a 120-month concurrent sentence.

motion for habeas corpus pursuant to § 2254.  The court entered judgment for the State of Connecticut.  The Second Circuit denied his motion for a certificate of appealability and dismissed his appeal.  In case 4:09cv2508 (M.D. Pa.), Perkins filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  The petition was denied by the district court, as was his motion for reconsideration.  The judgment was affirmed by the Third Circuit.  In case 11cv1260 (M.D. Pa.), Perkins filed another petition for habeas corpus pursuant to 28 U.S.C. § 2241, which the district court dismissed for lack of jurisdiction.  In case CV07-4001528, filed in the Connecticut Superior Court, Perkins raised an unsuccessful challenge to his 1990 Connecticut narcotics conviction which had been used as a prior predicate conviction for his career offender sentence enhancement in his underlying federal narcotics case.  In 2007, Perkins filed a petition for a writ of error coram nobis in the Connecticut Supreme Court.  The petition was transferred to the Connecticut Appellate Court.  The Connecticut Appellate Court denied his petition, and the Connecticut Supreme Court denied certification.  State of Conn. v. Perkins, 284 Conn. 921 (2007).

All of these filings were, in essence, collateral attacks on his 2000 federal narcotics and firearms convictions and sentences, and all of them were disingenuous attempts to avoid AEDPA's strict gate-keeping provisions which require authorization from the appropriate court of appeals before a district court may consider a second or successive habeas petition.  28 U.S.C. § 2244(b)(3)(A).  It is, by now, well settled that prisoners such as Perkins can not avoid the statutory requirements for second or successive motions by inventive captioning.  Any successive motion that a federal prisoner files which collaterally challenges his federal sentence and conviction  is not permitted without such authorization, no matter what title the prisoner gives it.  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita

querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls."  <u>Melton v. United States</u>, 359 F.3d 855, 857 (7th Cir. 2004) (citations omitted).

Perkins's instant motion, which he labels as a motion for "reconsideration," is no different from his other motions.   While he ostensibly seeks "reconsideration," he does not specify under which provision of the federal rules he brings his motion.  Thus, the Court may consider it as filed under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  If it were construed as one under Rule 60(b), it would be denied because it attacks his underlying criminal conviction and not, as required by that rule, the integrity of his previous habeas petition.  <u>See Harris v. United States</u>, 367 F.3d 74, 77 (2d Cir. 2004).  The motion would also be denied under Rule 59(e) because Perkins has not satisfied the rule's strict standard for relief – he has failed to point to any matter that might reasonably be expected to alter the conclusion reached by the Court.  <u>See Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).  Perkins also does not assert any intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.  <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992).  For these reasons, his motion for reconsideration, even if it had appropriately been filed under either rule, would, necessarily, be summarily denied.

Nonetheless, no matter what label Perkins has attached to it, his motion for "reconsideration" is, in substance, another collateral attack on his underlying convictions and sentences.  And as such, the Court does not have jurisdiction to consider it.  <u>White v. Nash</u>, 67 F. App'x. at 634.

Finally, because of Perkins's history of filing multiple, duplicative, non-meritorious

4

motions challenging his prior federal convictions and sentences, all of which were filed without authorization from the Second Circuit, he is hereby admonished that the future filing of any such frivolous motions may result in the imposition of sanctions, including the issuance of a filing injunction.  See In re McDonald, 489 U.S. 180, 183-84 (1989) (barring *pro se* litigant with history of frequent frivolous litigation from filing *in forma pauperis* petitions for extraordinary writs); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (requiring district courts to provide notice before *sua sponte* imposing a filing injunction on a habeas petitioner with a penchant for filing frivolous and duplicative motions); Safir v. U.S. Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986) (finding district court's authority to enjoin litigant who engages in multiplicitous and baseless litigation from future access to the courts to be "beyond peradventure").

## *CONCLUSION*

For the foregoing reasons, Perkins's motion for reconsideration [doc. #2] is DENIED. Perkins's motion for summary judgment [doc. #4] is also DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this ruling would not be taken in good faith.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 3rd day of September, 2014 at New Haven, Connecticut.

5